IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VICKI FAIRCLOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:19-cv-608-ECM |
| | ) | (WO) |
| WAL-MART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

Plaintiff Vicki Faircloth ("Faircloth") seeks compensatory and punitive damages pursuant to state law negligence and wantonness claims against Defendant Wal-Mart, Inc. ("Wal-Mart") for personal injuries Faircloth sustained when she slipped and fell in a bathroom in the Wal-Mart in Troy, Alabama. The Plaintiff alleges that Wal-Mart acted negligently and wantonly in failing to maintain its premises in a reasonably safe condition.

Currently pending before the Court is the Defendant's motion for summary judgment (doc. 21). After carefully reviewing the Defendant's motion for summary judgment, the Plaintiff's response to the motion and the evidentiary materials, the Court concludes that the motion is due to be granted.

**II. JURISDICTION AND VENUE**

The Court has diversity jurisdiction of this case pursuant to 28 U.S.C. § 1332. Personal jurisdiction and venue are uncontested, and the court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III. SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, a reviewing court shall grant a motion for "summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56).  The movant can meet this burden by presenting evidence demonstrating there is no dispute of material fact, or by showing that the non-moving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof.  *Id*. at 322–23.  Only genuine disputes about material facts will preclude the granting of summary judgment.  *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 249 (1986).  "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party.  An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (citing *Anderson*, 477 U.S. at 248).

Once the movant has satisfied this burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Non-

movants must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(A) & (B).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the non-movant.  *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).  Likewise, the reviewing court must draw all justifiable inferences from the evidence in the nonmoving party's favor.  *Anderson*, 477 U.S. at 255.  However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion."  *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam).

A reviewing court is constrained during summary judgment proceedings from making the sort of determinations ordinarily reserved for the finder of fact at a trial. *See Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) (citations and quotations omitted) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.").  After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).

### III. DISCUSSION

**A. FACTS**[1]

On May 22, 2018, Faircloth went to the Wal-Mart store in Troy, Alabama with her son and three grandchildren. After being in the store for ten to fifteen minutes, Faircloth went to the rear of the store to use the restroom. When she entered the restroom, it was crowded, and she observed a woman wearing a Wal-Mart smock washing her hands. Faircloth waited in the restroom for two to three minutes. While she was in the bathroom, she did not have any problems, did not slip on the floor, and did not see anything on the floor. After determining that all bathroom stalls were full, Faircloth left and went to the restroom at the front of the store. The restroom at the front of the store was closed so Faircloth made her way back to the restroom at the rear of the store.

Faircloth entered the restroom and went to the large stall at the end of the room. In so doing, she passed the sinks without incident. While Faircloth was in the bathroom, multiple people entered and/or left the restroom, including her two young granddaughters. After Faircloth used the facilities, she exited the stall and walked toward the sink to wash her hands. As she approached the first sink, Faircloth, who was wearing flip-flops, slipped and fell on the floor. Faircloth did not see any substance on the floor as she made her way to and from the bathroom stall or before she fell. She only realized there was water on the floor after she fell and discovered that her pants were wet. Faircloth does not know how the water got on the floor, nor how long it had been on the floor. The first time she saw

---

[1] The facts are construed in a light most favorable to the non-movant.

the water was when she was lying in it on the floor. She does not know whether any Wal-Mart employee knew water was on the bathroom floor before she fell in it.

## B. THE LAW OF PREMISES LIABILITY

Under Alabama law, a store is "under a duty to exercise reasonable care to provide and maintain reasonably safe premises" for its customers. *Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990). A store "is liable for injury only if [it] negligently fails to use reasonable care in maintaining [its] premises in a reasonably safe condition." *Id.* (internal quotations omitted)(brackets added). "This duty does not, however, convert a premises owner into an insurer of its invitees' safety." *K-Mart Corp. v. Bassett*, 769 So. 2d 282, 284-85 (Ala. 2000). The mere fact that an invitee is injured does not give rise to a presumption of negligence. *Riverview Reg.'l Med. Ctr., Inc. v. Williams,* 667 So. 2d 46, 48 (Ala. 1995); *Hose v. Winn-Dixie Montgomery, Inc.*, 658 So. 2d 403, 404 (Ala. 1995).

> Actual or constructive notice of the presence of the substance must be proven before [a store] can be held responsible for the injury. Furthermore, the plaintiff[] must prove (1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive knowledge to [the store]; or (2) that [the store] had actual knowledge that the substance was on the floor; or (3) that [the store] was delinquent in not discovering and removing the substance.

*Maddox*, 565 So. 2d at 16 (brackets added). S*ee also Dunklin v. Winn-Dixie of Montgomery, Inc.*, 595 So. 2d 463, 464 (Ala.1992).

In its motion for summary judgment, Wal-Mart contends that Faircloth cannot establish that it had any notice of the substance on the floor in the restroom on which Faircloth slipped, or caused it to be there. Thus, according to Wal-Mart, Faircloth's

negligence claim must fail. (Doc. 22). In response, Faircloth argues that, under Alabama law, actual and constructive notice of the hazardous condition are not essential elements of her claim because she can establish negligence by demonstrating that Wal-Mart was delinquent in not discovering and removing the substance on the floor. (Doc. 25). According to Faircloth, "the issue of Walmart's (sic) delinquent discovery is clearly a material issue and a question of fact." (*Id.* at 5).

To preclude summary judgment on her claims, Faircloth must do more than simply allege that she slipped and fell on a substance in one of Wal-Mart's restrooms and then offer a theoretical way in which liability could be established.

> The burden rests upon the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of its servants or employees. Actual or constructive notice of the presence of the offending substance must be proven before the proprietor can be held responsible for the injury.

*Cash*, 418 So. 2d at 876; *see also Vargo v. Warehouse Groceries Management, Inc.*, 529 So. 2d 986, 986 (Ala. 1988). Faircloth presents no evidence that Wal-Mart or its employees created the hazardous condition in the bathroom such that she need not offer any other evidence of notice. *See Dunklin*, 595 So. 2d at 465; *see also, Wal-Mart Stores, Inc. v. Rolin*, 813 So. 2d 861, 864 (Ala. 2001) ("When the defendant or his employees have affirmatively created the dangerous condition, [the] plaintiff need not introduce evidence that [the] defendant had actual or constructive knowledge of the hazard. Under such circumstances, the courts presume notice.") (alteration in original; internal quotations omitted).

Faircloth must demonstrate that there are genuine issues of material fact about whether Wal-Mart acted negligently or wantonly. In so doing, she must present evidence. In her brief in opposition to the motion for summary judgment, Faircloth simply references the transcript of her deposition, without directing the court to the location where specific testimony could be found. In the Uniform Scheduling Order, this Court directed that "discussion of the evidence in the brief [relating to a motion for summary judgment] must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document." (Doc. 15 at 2, Section 2). Further, Faircloth asserts that "[b]ased on the Plaintiff's testimony, and the undisputed facts, including video evidence and statements by Walmart employees, the issue of Walmart's delinquent discovery is clearly material issue [sic] and a question of fact." (Doc. 25 at 5). The problem with Faircloth's assertion is that she failed to provide specific citations to her deposition transcript or analysis of her testimony, and she wholly failed to provide the Court with the referenced video evidence or employee statements. The Court, therefore, is left to wonder what Faircloth's evidence is.

Faircloth fails to point the Court to any evidence that Wal-Mart had actual notice of a substance on the floor in the bathroom before she slipped and fell or was delinquent in not discovering it. In addition, there is no evidence before the Court that Wal-Mart had constructive notice that there was a substance on the floor of the restroom. Faircloth testified that when she entered the restroom the second time, she did not see any substance

7

on the floor when she walked to the stall. (Doc. 21-1 at 20).[2] The parties describe the substance as water[3] because the substance was wet, and "the back of [Faircloth's] pants were soaked." (*Id.*). Faircloth offers no evidence regarding how long the substance was on the floor, or how it got on the floor. (*Id.* at 21-22). She also testified that she could not tell if the substance was clean or dirty. (*Id.*). Faircloth did not know if any Wal-Mart employees knew that there was a substance was on the floor. (*Id.* at 23). There had been multiple people in the bathroom very shortly before Faircloth entered the second time and during the time she was in the bathroom stall. Faircloth does not offer any evidence that could establish how or when the water came to be on the floor, or that Wal-Mart knew or should have known it was there. Thus, the Court concludes that Faircloth has failed to demonstrate that there are genuine issues of material fact regarding Wal-Mart's actual or constructive notice of the substance.

Faircloth argues that she can avoid summary judgment by demonstrating that Wal-Mart was delinquent in discovering the substance on the floor. Wal-Mart counters that Faircloth did not allege in her complaint that Wal-Mart was delinquent in discovering the substance on the floor. Indeed, at no time prior to her response to summary judgment did Faircloth assert that Wal-Mart was otherwise delinquent in creating or discovering the hazard. Nonetheless, the Court concludes that Faircloth fails to demonstrate that a genuine

---

[2] All document and page numbers referenced in this opinion are those generated by the Case Management Electronic Case Filing (CMECF) system.

[3] Even construing the facts in the light most favorable to Faircloth, she presents no evidence that the substance was in fact water.

8

issue of material fact exists regarding whether Wal-Mart was delinquent in discovering the substance on the restroom floor. "[A] customer asserting delinquent inspection on the part of a storekeeper must still prove that the foreign substance was on the floor for a sufficient period such that an adequate inspection would have discovered it." *Tucker v. Wal-Mart Stores, Inc.*, 89 So. 2d 795, 801 (Ala. Civ. App. 2012). Faircloth does not present any evidence that Wal-Mart's inspection procedures were inadequate. The onus is on the party opposing summary judgment to submit affirmative evidence demonstrating that there exists a genuine issue of material fact regarding an essential element of the claim. *Celotex,* 477 U.S. at 322. Faircloth simply referenced her deposition transcript, submitting the same excerpts submitted by Wal-Mart. While she generally references alternate theories of liability, she cannot merely rely on the pleadings to avoid summary judgment. Because Faircloth has failed to demonstrate that there exists a genuine issue of material fact regarding whether Wal-Mart had actual or constructive notice or was otherwise delinquent in failing to discover the foreign substance on the restroom floor, the Court concludes that summary judgment is due to be granted to the Defendant on the Plaintiff's negligence claim.

## C. WANTONNESS UNDER ALABAMA LAW

To be liable for wantonness under Alabama law, the defendant must act "with a reckless or conscious disregard of the rights or safety of others." ALA. CODE § 6–11–20(b)(3).

> In *Alfa Mut. Ins. Co. v. Roush,* 723 So.2d 1250, 1256 (Ala.1998), [the Alabama Supreme] Court stated: "To prove wantonness, it is not essential to prove that the defendant

9

> entertained a specific design or intent to injure the plaintiff." "Wantonness" is defined by statute as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Ala. Code 1975, § 6–11–20(b)(3). In *Roush,* citing *Bozeman v. Central Bank of the South,* 646 So.2d 601 (Ala.1994), [the Alabama Supreme] Court described wantonness as "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." 723 So.2d at 1256.

*Daniels v. E. Alabama Paving, Inc.*, 740 So. 2d 1033, 1038–39 (Ala. 1999)(brackets added).

Although the Plaintiff responded to the Defendant's motion for summary judgment, her brief does not refer the Court to any evidence or legal authority in opposition to the motion for summary judgment on her wantonness claim. The Plaintiff's failure to substantively address the wantonness claim or respond to the Defendant's argument on this issue acts as a concession that her wantonness claim does not survive the motion for summary judgment. *See Celotex,* 477 U.S. at 322.

More importantly, however, the Court's independent evaluation of the sparse record before it demonstrates that it is devoid of any evidence that Wal-Mart acted wantonly. The Plaintiff has not presented the Court with any evidence that Wal-Mart's failure to discover or remove water from the bathroom floor constitutes wanton conduct. Evidence that an accident occurred, without evidence that the Defendant or its agents were conscious of the danger or the potential for injury, is insufficient to prove wantonness under Alabama law. Consequently, the Court concludes that Wal-Mart's motion for summary judgment on the Plaintiffs' wantonness claim is due to be granted.

## IV. CONCLUSION

For the reasons as stated, the court concludes that Wal-Mart's motion for summary judgment is due to be granted and this case is due to be dismissed with prejudice.

A separate order will be entered.

DONE this 1st day of February, 2021.

                                                /s/ Emily C. Marks
                                      EMILY C. MARKS
                                      CHIEF UNITED STATES DISTRICT JUDGE