IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VICKI FAIRCLOTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 2:19-cv-608-ECM |
| | )                    (WO) |
| WAL-MART, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Plaintiff's motion to reconsider or alter, amend or vacate (doc. 32) filed on February 8, 2021. Upon consideration of the motion, the Court concludes that it should be denied.

On February 1, 2021, the Court entered a Memorandum Opinion and Order granting the Defendant's motion for summary judgment (doc. 29) and entered Final Judgment in favor of the Defendant (doc. 30). As the Court explained in its initial opinion, Faircloth failed to point the Court to any evidence from which a reasonable jury could conclude that "Wal-Mart had actual notice of a substance on the floor in the bathroom before she slipped and fell or was delinquent in not discovering it." (Doc. 29 at 7). The Court was persuaded that because the Plaintiff failed to demonstrate that there existed genuine issues of material fact regarding whether the Defendant "had actual or constructive notice or was otherwise delinquent in failing to discover the foreign substance on the restroom floor," the Defendant was entitled to summary judgment. (*Id*. at 9-10). The Plaintiff now seeks relief from that judgment. (Doc. 32).

1

## STANDARD OF REVIEW

In her motion to reconsider or alter, amend or vacate, the Plaintiff does not specify under which rule she is proceeding so the Court is left to surmise that the motion is pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.

Pursuant to Fed. R. Civ. P. 59(e), the Plaintiff may seek to alter or amend judgment only on the basis of "newly-discovered evidence or manifest errors of law or fact." *Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F.3d 1327, 1344 (11th Cir. 2010) quoting *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007). "A party moving the court to alter or amend its judgment pursuant to Rule 59(e) faces an extremely heavy burden." *Scharff v. Wyeth*, 2012 WL 3149248 at *1 (M.D. Ala. 2012). Moreover, "Rule 59(e) was not constructed 'to give the moving party another bite at the apple . . .'" *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000). "Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs,* 626 F.3d at 1344. "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (11th Cir. 2007) (citations omitted). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Id*. (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).

The Court now turns to Rule 60. The Plaintiff makes no argument that the reasons specifically delineated in Rule 60(b)(1-5) provide a basis for her motion for relief from judgment, so the Court is left to conclude that the motion is made pursuant to Rule 60(b)(6), whereby a party may seek relief from a judgment for "any other reason that justifies relief."

2

"[R]elief under Rule 60(b)(6) is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005)). To warrant relief under Rule 60(b)(6), not only must the Plaintiff show "sufficiently extraordinary" circumstances, but also "that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Doe v. Drummond Co.*, 782 F.3d 576, 612 (11th Cir. 2015) (quoting *Galbert v. W. Caribbean Airways,* 715 F.3d 1290, 1294–95 (11th Cir. 2013) (internal quotation marks omitted)).

## DISCUSSION

The Plaintiff argues that the judgment was "contrary to the law and the facts wherein it has not been established by substantial evidence that Wal-Mart acted with diligence to dutifully inspect the premises." (Doc. 32 at 1). The Plaintiff also argues that the Court misapplied the law regarding a premise owner's "duty to diligently investigate and discovery dangerous conditions." (*Id.* at 2). Faircloth does not argue that she has newly discovered evidence regarding Wal-Mart's actions on the date of her fall.

Rather, she contends that summary judgment was improper. The Court is compelled to point out that to survive summary judgment, Faircloth must do more than simply assert she was injured in Wal-Mart. In opposition to summary judgment, Faircloth did not demonstrate that there exists a genuine issue of material fact regarding Wal-Mart's duty or diligence and thus, whether Wal-Mart acted negligently or wantonly. Once Wal-Mart satisfied its burden, the Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Faircloth may meet this burden by "citing to particular

3

parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations[ ], admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B).

In opposition to summary judgment, the Plaintiff referenced her deposition testimony but failed to offer any evidence that would suggest that Wal-Mart had actual or constructive notice of the substance on the floor in the bathroom, or that Wal-Mart was somehow delinquent in not discovering the substance. Moreover, in her motion to reconsider or alter, amend or vacate, the Plaintiff persists in failing to point the Court to any specific evidentiary support for her position. It is not the Court's responsibility to seek out evidence or facts in support of the Plaintiff's claims.

> The onus was on [the Plaintiff] to point to the specific portions of the proffered material which created a material issue of fact. See Fed.R.Civ.P. 56(e) ("[A]n adverse party may not rest upon . . . mere allegations or denials . . ., but . . . must set forth specific facts showing that there is a genuine issue for trial."). We do not require trial courts to search the record and construct every argument that could have been made based upon the proffered materials. *Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995).

*Restigouche, Inc. v. Town of Jupiter,* 59 F.3d 1208, 1213 n.5 (11th Cir. 1995).

## CONCLUSION

Insofar as the Plaintiff's motion to alter, amend or vacate (doc. 32) might be considered under either Rule 59 or Rule 60, the Plaintiff has failed to demonstrate any

4

extraordinary circumstances warranting relief.  Accordingly, for the reasons as stated and for good cause, it is

 ORDERED that the Plaintiff's motion to reconsider or alter, amend or vacate (doc. 32) is DENIED.

 Done this 18th day of February, 2021.

      /s/   Emily C. Marks
      EMILY C. MARKS
      CHIEF UNITED STATES DISTRICT JUDGE